UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>       Petitioner,<br><br>    -against-<br><br>NANCY M. ROONEY, U.S. Department of Labor; NEW JERSEY DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE; GAY GILBERT, U.S. Department of Labor; JIM GARNER, U.S. Department of Labor; NAOMI BERRY-PEREZ, U.S. Department of Labor; RONALD MARINO, New Jersey Department of Labor; GREGORY CASTELLANI, New Jersey Department of Labor,<br><br>       Respondents. | 20-CV-0932 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Petitioner brings this *pro se* action seeking, among other things, a writ of mandamus to compel U.S. Department of Labor officials "to ensure that Petitioner receives" unemployment insurance benefits from the New Jersey Department of Labor. Named as respondents are the New Jersey Department of Labor and two of its employees (Ronald Marino and Gregory Castellani), and four employees of the United States Department of Labor (Nancy Rooney, Gay Gilbert, Jim Garner, and Naomi Berry-Perez). Petitioner also requests permission to proceed *in forma pauperis* (ECF 1) and to proceed anonymously (ECF 3). For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c).

Petitioner filed this complaint asserting claims in connection with the denial of his application to the New Jersey Division of Unemployment Insurance for unemployment insurance benefits.[1] Because Petitioner alleges that Respondents reside outside this district and that the events or omissions underlying his claim arose outside this district, venue does not appear to be proper in this district under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are

---

[1] Petitioner alleges that the New Jersey agency determined that he was ineligible on the ground that his "base year UI account" was less than $8,500, but he argues that his combined "New Jersey and New York NU accounts exceed $30,000 for the relevant Base Period of 2018 through 2019." (*Id.* at 6.)

appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the Petitioner's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A petitioner's choice of forum is accorded less deference where petitioner does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Petitioner alleges that the operative events occurred in New Jersey, where he seeks to recover unemployment benefits from the State of New Jersey.[2] Venue is therefore proper in the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a).

---

[2] Petitioner also does not allege that he resides in New York, the chosen forum.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to deliver a copy of this order to Petitioner and note service on the docket. Whether Petitioner should be permitted to proceed anonymously or to proceed further without prepayment of fees are determinations to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 5, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge